GENERAL THEATRICAL CORPORATION OF NEW JERSEY, PROSECUTOR, v. BOROUGH OF VINELAND, DEFENDANT.

Argued October 3, 1933—Decided January 26, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Herbert C. Bartlett.*

For the defendant, *Tuso & Stanger.*

PER CURIAM.

This writ brings up for review ordinance No. 285 of the borough of Vineland, which ordinance regulates the operation of motion picture theatres and other amusements on Sundays. The voters of Vineland adopted the provisions of the 1933 amendment to the Vice and Immorality act. This amendment permits Sunday amusements and gives power to the governing bodies of municipalities to regulate such Sunday exhibitions.

The ordinance under review purports not only to be one of regulation, but also to be an ordinance for the purpose of raising revenue. The revenue feature is not authorized by the act of 1933, but is claimed to be justified under the Home Rule act of 1917.

It is claimed by the prosecutor, the operator of a motion picture theatre, that the ordinance is unreasonable in its provisions prohibiting the opening of theatres except between one-thirty P. M. and six P. M., and between nine P. M. and eleven-thirty P. M. The purpose of this provision was to prohibit shows during church hours and it does not appear to us that the ordinance is unreasonable in this respect.

The eighth clause of the ordinance imposes a charge for the privilege of operating on Sunday, varying from five cents for every admission charge of twenty cents or under, to twenty cents for every admission charge over sixty cents. No such taxes are imposed by the borough upon operation of amusements on week days.

This feature of the ordinance is not justified by the act of 1933, because it is clearly not a matter of regulation but an attempt to raise revenue. The defendant claims it is proper under the provisions of article 15, paragraph 2 of chapter 162 of the laws of 1917, providing:

"2. Such governing body shall have the power to fix fees for such licenses which may be imposed for revenue and to prohibit all persons and places and vehicles unlicensed from acting, using or being used in such capacity and for such uses and purposes."

When the legislature entrusts matters to the governing bodies of municipalities to regulate by ordinance, such ordinances must be reasonable, and the question of their reasonable character is one for the court. *McGonnell* v. *Commissioners of Orange,* 98 *N. J. L.* 642; 121 *Atl. Rep.* 135. We can see no reasonable basis for imposing a greater tax upon admissions paid at Sunday performances than at those given on other days of the week. The effect of the act of 1933, when adopted by the voters of a municipality, is to put Sunday amusements on the same basis as those on other days, except that the governing body is given power to impose different regulations on Sunday operations than those imposed on other days. Whatever these regulations may reasonably include, they certainly may not include the imposition of revenue raising taxes not imposed on week-day admissions.

The ordinance is set aside.